# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>JAMES L. CONNOLLY,<br><br>                    Defendant. | Case No. 3:19-cr-00086- MMS<br><br>**ORDER ON FIRST MOTION FOR EARLY TERMINATION OF PROBATION/SUPERVISED RELEASE [Dkt. 57]** |

I.      Introduction

The Defendant, through counsel, has filed a Motion for Early Termination of his Probation. [Dkt. 57]. For the reasons set forth in this order and on the record [Dkt. 62], the Motion is DENIED.

The Defendant traveled from his home state of Florida to Alaska for the purpose of hunting and killing a black bear. In violation of the Lacey Act, he illegally killed a black bear and subsequently lied to investigators about the circumstances under which he killed the bear. [Dkt. 46 at 1, 6-7; Dkt. 34 at 4]. On May 18, 2020, the Defendant entered a plea of guilty to this conduct, pursuant to a plea agreement. [Dkt. 34; Dkt. 45].

The Defendant is a well-educated individual [including a doctorate in higher education and leadership] with minimal criminal history, yet this offense represented the Defendant's second charge for illegally killing wildlife. [Dkt. 46, ¶s 30 & 48].

II.     Discussion

The maximum statutory penalties would have permitted the Court to sentence the Defendant up to one (1) year in jail, or five (5) years of probation. Being mindful of his criminal history and characteristics, this Court determined a sentence of no jail time, but two (2) years of probation to satisfy the need to comply with 18 U.S.C. §3553, a "sentence sufficient, but not greater than necessary".

Now, having spent just half of that two-year term on probation, the Defendant seeks early termination. [Dkt. 57].

The Court imposed a sentence which included two years of probation to ensure, *inter alia*, that the Defendant did not hunt anywhere in the United States for a period of two years. This is necessary for the protection of the community, for the Defendant to learn to appreciate and respect the law, and to promote just punishment for the Defendant's actions. It is the Court's expectation that the Defendant will be on probation for two years.

Moreover, as noted in the Government's Opposition to this request, one of the terms of the plea agreement was that the parties would jointly recommend that the Defendant "will *serve* two years of probation…" [emphasis added] [Dkt. 34]. This same plea agreement also contained a waiver of the Defendant's right to appeal his sentence. [*Id*.].

The instant Motion is not styled as a motion to withdraw from the plea agreement, nor as an appeal of the sentence, and it is unclear to the Court on what basis the Defendant believes he is not bound by the plea agreement. The merits of the request for early termination notwithstanding, procedurally, for the Court to consider this request, the Defendant must first demonstrate why the terms of the plea agreement are not binding upon him.

III. Conclusion

For the foregoing reasons, the defendant's Motion to Terminate Probation Early [Dkt. 57] is DENIED.

DATED this 21st of July 2021, at Anchorage, Alaska.

                                            *s/ Matthew M. Scoble*
                                            Matthew M. Scoble
                                            U.S. MAGISTRATE JUDGE